UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZENAIDA HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>MARIA E. MONTANEZ, MARK A. VERDINI, JONATHAN W. THOMAS, CARLOS M. GODEN, JR, and JANE DOE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 12-11062- FDS<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION TO PERMIT ACCESS TO CORI INFORMATION

Plaintiff moves this Court for an order permitting Defendants to use and to disclose to Plaintiff's counsel, subject to a protective order, CORI information in Defendants' possession, custody, and control for purposes of this litigation. As reasons therefor, Plaintiff states as follows:

(1) This is a civil rights lawsuit under 42 U.S.C. § 1983 alleging constitutional violations at the Souza-Baranowski Correctional Center (SBCC). Plaintiff alleges that she was unlawfully stripped searched while visiting a prisoner who is incarcerated at the SBCC.

(2) Defendants are corrections officers at the SBCC and have in their possession, custody, or control, relevant and discoverable information relating to the claims and defenses at issue in this lawsuit.

(3) Some of the materials in Defendants' possession may constitute criminal offender record information, or CORI, under Massachusetts law. M.G.L. ch. 6, §§ 167, *et seq*. The Criminal Offender Record Information Act generally prohibits the disclosure of CORI, except under certain circumstances. The statute's objective is to provide individuals with protection against invasion of their privacy, and in cases of conviction, to promote the public's interest in rehabilitation. *New Bedford Standard Times Publishing Co. v. Clerk of the Third Dist. Court*, 377 Mass. 404, 414 (1979).

(4)     Federal common law, not state law, governs questions of privilege in this federal civil rights case. *See Williams v. City of Boston*, 213 F.R.D. 99, 100 (D. Mass. 2003); *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 226 (D. Mass. 1997); *see also, e.g.*, *Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D. Ind. 2000) ("[T]he fact that records sought are not public records under Indiana law is not the deciding factor in this case. Federal law governs.") Thus, the CORI statute does not limit the scope of discovery.

(5)     State law permits disclosure of CORI pursuant to an order of the court. *See, e.g.*, 803 Code Mass. Regs. § 2.07 (2012) (providing for attorney access to CORI for litigation purposes upon submission of a court order).

(6)     The privacy interests that the CORI statute is meant to protect can be addressed by the entry of a protective order governing the use and disclosure of confidential information.

**WHEREFORE**, Plaintiff requests that this Court enter an order permitting Defendants to use and to disclose to counsel for Plaintiff, subject to a protective order, CORI information in Defendants' possession, custody, and control for purposes of this litigation.

RESPECTFULLY SUBMITTED,

For Plaintiff Zenaida Hernandez
By her attorneys,

/s/ Drew Glassroth
Howard Friedman, BBO #180080
David Milton, BBO #668908
Drew Glassroth, BBO #681725
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-4100
hfriedman@civil-rights-law.com
dmilton@civil-rights-law.com
dglassroth@civil-rights-law.com

Dated: March 20, 2013

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: March 20, 2013     /s/ Drew Glassroth
                         Drew Glassroth


**CERTIFICATE PURSUANT TO
LOCAL RULES 7.1 AND 37.1**

I certify that prior to filing this motion, Plaintiff's counsel conferred with Defendants' counsel in a good faith effort to resolve the issues raised herein. These efforts are described in Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Compel.

Date: March 20, 2013     /s/ Drew Glassroth
                         Drew Glassroth