UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZENAIDA HERNANDEZ, </br></br>　　　　Plaintiff, </br></br>　　　　v. </br></br>MARIA E. MONTANEZ, MARK A. VERDINI, JONATHAN W. THOMAS, CARLOS M. GODEN, JR, and JANE DOE, </br></br>　　　　Defendants. | Civil Action No. 12-11062- FDS </br></br> **LEAVE TO FILE GRANTED ON MARCH 27, 2013** |

### PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER

Defendants' oppose Plaintiff's proposed protective order as "inadequate" but offer no reasoning to support this assertion.[1] Instead, Defendants submit an extraordinarily restrictive proposed order that is both unnecessary and inappropriate for this case. Under Defendants' proposal, virtually all of the discovery Plaintiff seeks in this case would be *both* redacted *and* produced for attorneys' eyes only. The sole argument Defendants offer in support of this proposal is that the parties in a different case with different issues recently agreed to similar terms.[2] This argument fails to demonstrate good cause for such sweeping restrictions and should be rejected. *See* Fed. R. Civ. P. 26(c)(1). Plaintiff's proposed protective order provides more than enough protection against improper use and dissemination of sensitive information in this case.

---

[1] Defendants claim that Plaintiff "unilaterally" filed her motion while the parties were negotiating the terms of a mutually agreeable protective order. This is incorrect; the parties had reached an impasse. On multiple occasions over nearly four weeks, Plaintiff's counsel sought to negotiate the terms of a protective order, but defense counsel neither specified her objections to Plaintiff's proposals nor provided any alternative. Defendants' opposition is the first proposal defense counsel has provided.

[2] Neither Plaintiff nor Plaintiff's counsel are involved in the case on which Defendants rely. *See Ford v. Gelb*, No. 12-12079-WGY (D. Mass.).

Defendants' proposed protective order is, in essence, Plaintiff's proposal plus several additional restrictive clauses.[3] The most problematic of these additions are paragraphs 5, 6, and 7 of Defendants' proposal. These provisions require that three categories of information be both redacted and produced for attorneys' eyes only: "intelligence information," "CORI,"[4] and "private policies." These categories encompass virtually all of the documents Plaintiff currently seeks in this case. *See* Mem. in Supp. of Pl.'s Mot. to Compel [Document #19] at 3. Defendants do not provide reasons to justify why this high level of secrecy is necessary. *See, e.g.*, *Beverage Distributors, Inc. v. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio April 28, 2010) ("[P]roducing sensitive information . . . subject to a protective order restricting its dissemination and use renders redaction both unnecessary and potentially disruptive to the orderly resolution of the case.").

Plaintiff's proposal permits Defendants to designate any discovery as either confidential or "attorneys' eyes only" when there is a good faith basis for doing so. *See* Pl.'s Proposed Protective Order at ¶¶ 3-4. Defendants' proposal does not create any new category of protection for sensitive information; it simply expands the scope of secrecy.[5] This is inappropriate, particularly in a civil rights case. *See Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 790 (1st Cir. 1988) (protective order "extending broad protection to all documents . . . without a showing of good cause for confidentiality as to any individual documents" was "by nature overinclusive"); *cf. Williams v. City of*

---

[3] Defendants also propose several non-substantive changes, such as expanding certain time periods for making confidential designations. *See, e.g.,* Defts.' Proposed Protective Order at ¶ 9. Plaintiff does not object to these changes. Plaintiff also has no objection to the last sentence of ¶ 2, or the changes to ¶¶ 10(d) and 13(c) of Defendants' proposed order.

[4] Plaintiff disputes that the scope of information protected by the CORI statute, M.G.L. ch. 6, §§ 167 *et seq*, is as broad as Defendants' suggest, and that a state statute can control the scope of discovery in a federal civil rights case. *See, e.g.*, *Hoyt v. Connare*, 202 F.R.D. 71, 74-75 (D.N.H. 1996) (noting that state statutes regarding disclosure of information do not control in federal civil rights cases). In any event, Defendants do not explain why attorneys'-eyes-only restrictions are necessary to protect privacy interests. This is an extraordinarily restrictive proposal that is not common for civil rights cases in this District.

[5] Defendants' proposal also removes a clause from Plaintiff's proposed protective order requiring that when only a portion of a document is confidential, and that portion can be separately identified, only that portion will be subject to the protective order. *See* Pl.'s Proposed Protective Order at ¶ 3. This provision is important to prevent non-confidential information from being improperly designated.

*Boston*, 213 F.R.D. 99, 102 (D. Mass. 2003) (broad assertions of privilege in civil rights cases "offend[] basic notions of openness and public confidence in our system of justice") (citation omitted).

Defendants' proposal is also extraordinarily restrictive. The clauses they insert are adopted almost verbatim from a protective order negotiated by different parties in *Ford v. Gelb*, No. 12-12079-WGY (D. Mass.) and entered on March 15, 2013. The plaintiff in that case is a prisoner; a central issue is whether he currently poses a security threat to the institution. In those circumstances, a restrictive protective order limiting the information that can be disclosed to the plaintiff himself makes sense. But that is not this case. The plaintiff here is not a prisoner. Thus, there is no basis for Defendants' extensive use of attorneys'-eyes-only restrictions, or their proposal that Plaintiff not be permitted to copy or "take notes of" any document that is not attorneys'-eyes-only. *See* Defts.' Proposed Protective Order at ¶ 10(b)(2). Doing so would prejudice Plaintiff's right to participate in this litigation. *See Lane v. Tennessee*, 315 F.3d 680, 682 (6th Cir. 2003) ("Parties in civil litigation have [a Fourteenth Amendment] due process right to . . . meaningfully participate in the process unless their exclusion furthers important governmental interests.").

Plaintiff's proposed protective order is more than sufficient to prevent dissemination of confidential information produced during the course of this litigation. Plaintiff's counsel routinely use substantially identical protective orders in civil rights cases, including prison cases, without issue. Defendants' proposal is unnecessarily restrictive and impedes Plaintiff's ability to discover essential facts about the incident at issue in this case. Accordingly, Plaintiff requests that the Court allow her motion and enter her proposed protective order.

                      RESPECTFULLY SUBMITTED,

                      For Plaintiff Zenaida Hernandez
                      By her attorneys,

                      /s/ Drew Glassroth
                      Howard Friedman, BBO #180080
                      David Milton, BBO #668908
                      Drew Glassroth, BBO #681725
                      **Law Offices of Howard Friedman, P.C.**
                      90 Canal Street, 5th Floor
                      Boston, MA 02114
                      (617) 742-4100
                      hfriedman@civil-rights-law.com
                      dmilton@civil-rights-law.com
                      dglassroth@civil-rights-law.com

Dated: March 27, 2013

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: March 27, 2013    /s/ Drew Glassroth
                                Drew Glassroth