*[Handwritten at top: cc: all attys. re: inmate visiting cards + records are NOT public records]*

*[Stamp: RECEIVED OCT - 5 2001 DEPARTMENT OF CORRECTION LEGAL DEPARTMENT]*

# The Commonwealth of Massachusetts
William Francis Galvin, Secretary of the Commonwealth
Public Records Division

October 3, 2001
SPR01/388; SPR01/586

Elizabeth A. Ritvo
Brown Rudnick Freed & Gesmer
One Financial center
Boston, Massachusetts 02111

Dear Ms. Ritvo:

I have received your petitions appealing the responses of the Department of Correction (Department) to your February 22, 2001 and May 30, 2001 public records requests. See G. L. c. 66, § 10(b) (1998 ed.) (Supervisor of public records has authority to resolve public records appeals); see also 950 C.M.R. 32.08(2) (appeal process). Specifically, you requested copies of all records concerning requests to visit inmate Frederick Weichell. I have combined these two administrative appeals for the purposes of this determination.

"Public records" is broadly defined to include all documentary materials or data, regardless of physical form or characteristics, made or received by any officer or employee of any department of the Commonwealth, unless falling within a statutory exemption. G. L. c. 4, § 7(26) (1998 ed.). The statutory exemptions are strictly and narrowly construed. Attorney General v. Assistant Commissioner of the Real Property Department of Boston, 380 Mass. 623, 625 (1980); Attorney General v. Board of Assessors of Woburn, 375 Mass. 430, 432 (1978). Public records, and any non-exempt, segregable portions thereof, are subject to mandatory disclosure upon request. G. L. c. 66, § 10(a) (1998 ed.); see also Reinstein v. Police Commissioner of Boston, 378 Mass. 281, 289-90 (1979) (the statutory exemptions are not blanket in nature). Moreover there is a presumption that all governmental records are public records. G. L. c. 66, § 10(c) (1998 ed.); 950 C.M.R. 32.08(4). Therefore, it is the burden of the record custodian to demonstrate the application of an exemption in order to withhold a requested record. G. L. c. 66, § 10(c) (1998 ed.); see also District Attorney for the Norfolk District v. Flatley, 419 Mass. 507, 511 (1995) (custodian of the record must prove with specificity that an exemption applies).



EXHIBIT A

Elizabeth A. Ritvo                    SPR01/388; SPR01/586
Page Two
October 3, 2001

**Exemption (c)**

By letter to this office dated August 23, 2001, General Counsel Nancy A. White claims that disclosure of the responsive records may implicate the privacy interests of the subject individuals. Accordingly, exemption (c) merits consideration. It applies to:

> personnel and medical files or information; also any other materials or data relating to a specifically named individual, the disclosure of which may constitute an unwarranted invasion of personal privacy.
>
> G. L. c. 4, § 7(26)(c) (1998 ed.).

Exemption (c) contains two distinct and independent clauses, each requiring its own analysis. Globe Newspaper Company v. Boston Retirement Board, 388 Mass. 427, 432-34 (1983). Only the second clause, requiring a subjective analysis, is relevant to this determination. The second clause requires a balancing of the public's right to know against the privacy interests which may be harmed by disclosure. Real Property Department, 380 Mass. at 625; Torres v. Attorney General, 391 Mass. 1, 9 (1984). Therefore, determinations as to the applicability of the second clause can only be made on a case-by-case basis.

The second clause of exemption (c) only protects "intimate details of a highly personal nature." Real Property Department, 380 Mass. at 625. Marital status, legitimacy of children, paternity, medical condition, government assistance, substance abuse, family disputes and reputation are examples of the kind of information exemption (c) is designed to protect. Id. at 626 n.2. Since the Public Records Law favors disclosure the exemption will apply only where the privacy interest of the record subject outweighs the public interest in disclosure. Attorney General v. Collector of Lynn, 377 Mass. 151, 156 (1979).

The responsive records concern individuals who have requested to visit with inmate Frederick Weichell. An individual has a great expectation of confidentiality with respect to his personal associations. NAACP v. Alabama, 357 U.S. 449, 460 (1958). Information concerning family and personal associations are something an individual does not generally share with the public.

Elizabeth A. Ritvo  SPR01/388; SPR01/586
Page Three
October 3, 2001

These personal relations constitute intimate details, highly personal in nature. Accordingly, there is a significant privacy interest in such information. It is true that the public has a great interest in the manner in which public officials perform their official duties. Collector of Lynn, 377 Mass. at 156. The public also has a great interest in the manner in which public funds are spent. Hastings and Sons Publishing Company v. City Treasurer of Lynn, 374 Mass. 812, 818 (1978). However, disclosure of information regarding the personal associations of Mr. Weichell and those who have requested information to visit him reveals nothing to further the public interest in the expenditures of public funds or the job performance of public employees. Accordingly, the information concerning requests to visit Mr. Weichell may be withheld pursuant to the second clause of exemption (c).

**Exemption (a)**

The Department also claims that disclosure of the responsive records may be restricted by statute. The Fair Information Practice Act (FIPA) restricts the dissemination of "personal data". Accordingly, exemption (a) of the Public Records Law merits consideration. It applies to materials which are:

> specifically or by necessary implication exempted from disclosure by statute.
>
> G. L. c. 4, § 7(26)(a) (1998 ed.).

A governmental entity may use exemption (a) as a basis for withholding requested materials where the language of the underlying exempting statute suggests that the public's right to inspect records under the Public Records Law is restricted. Collector of Lynn, 377 Mass. 151, 154; Ottaway Newspaper Company v. Appeals Court, 372 Mass. 539, 545-46 (1977). My authority as Supervisor of Public Records does not permit me to order disclosure of records if a statute mandates nondisclosure. General Chemical Corporation v. Department of Environmental Quality Engineering, 19 Mass. App. Ct. 287, 294 n.4 (1985).

Elizabeth A. Ritvo  SPR01/388; SPR01/586
Page Four
October 3, 2001

FIPA imposes restrictions on the dissemination of "personal data". See G. L. c. 66A, § 2(c) (1998 ed.). The statute defines "personal data" as:

> any information concerning an individual which, because of name, identifying number, mark or description can be readily associated with a particular individual; provided, however, that such information is not contained in a public record, as defined in clause Twenty-sixth of section seven of chapter four . . . .
>
> G. L. c. 66A, § 1 (1998 ed.).

The definition of "personal data" expressly excludes information contained in a public record. FIPA and the Public Records Law are to be construed to work together to create a harmonious whole consistent with the legislative purpose. 32 Op. Att'y Gen. 157, 160 (May 18, 1977). Therefore FIPA cannot provide a basis for withholding requested records unless the records fall within a statutory exemption to the definition of public records. However, as noted above, records concerning an individual's personal associations are not public record pursuant to the second clause of exemption (c). Accordingly, FIPA will also operate to restrict disclosure of such information.

**Criminal Offender Record Information**

The responsive records may also be exempt pursuant to the Criminal Offender Record Information (CORI) Act. It provides in pertinent part:

> Except as otherwise provided...[CORI]...shall be disseminated...only to...(a) criminal justice agencies; (b) such other agencies and individuals required to have access to such information by statute...(c) any other agencies and individuals where it has been determined that the public interest in disseminating such information to these

Elizabeth A. Ritvo  SPR01/388; SPR01/586
Page Five
October 3, 2001

> parties clearly outweighs the interest in security
> and privacy.... No agency or individual shall have
> access to [CORI] under clause (c), unless the
> [Criminal History Systems Board]...determines and
> certifies that the public interest in disseminating
> such information to such party clearly outweighs
> the interest in security and privacy.
>
> G. L. c. 6, § 172 (1998 ed.).

The statute clearly restricts dissemination of CORI, which is defined as:

> records and data in any communicable form compiled by a
> criminal justice agency which concern an identifiable
> individual and relate to the nature or disposition of a
> criminal charge, arrest...sentencing, incarceration,
> rehabilitation, or release.
>
> G. L. c. 6, § 167 (1998 ed.).

Accordingly, access to records which satisfy the definition of CORI is restricted pursuant to the CORI Act as it operates through exemption (a). The responsive records necessarily contain CORI as they concern an identifiable individual and relate to their incarceration. Therefore, the CORI Act, as it operates through exemption (a), will also allow the Department to withhold the responsive visitor log information.

**Summary**

Records which concern the personal associations of Frederick Weichell and the individuals who are requesting to visit him may be withheld pursuant to the second clause of exemption (c). As the records concerning an individual's personal associations fall within a statutory exemption to the definition of public records, FIPA will also provide a basis for withholding the responsive records. The Department may also withhold the responsive records pursuant to the CORI Act, as it operates through exemption (a), as they concern the incarceration of an individual.

Elizabeth A. Ritvo  SPR01/388; SPR01/586
Page Six
October 3, 2001

Accordingly, as the Department does not have any records in its custody responsive to your request, I will consider this administrative appeal closed.

Very truly yours,

LAURIE FLYNN
Acing Supervisor of
Public Records

cc: Nancy A. White