UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ZENAIDA HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-11062- FDS |
| | ) | |
| MARIA E. MONTANEZ, MARK A. VERDINI, | ) | **LEAVE TO FILE GRANTED ON** |
| JONATHAN W. THOMAS, CARLOS M. | ) | **APRIL 5, 2013** |
| GODEN, JR, and JANE DOE, | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL

Plaintiff submits five points in reply:

1.    In response to Plaintiffs' motion to compel, Defendants agree for the first time to produce the documents referenced in Interrogatory 15 and on which Defendants Verdini and Thomas relied in deciding to strip search Plaintiff.[1] Defendants state that they are willing to provide responsive documents "subject to the terms" of their proposed protective order. For the reasons discussed in Plaintiff's Reply regarding the protective order [Document #26], Plaintiff opposes having these documents be subject to a protective order that redacts crucial information and limits Plaintiff's ability to use relevant facts to prepare her case. Defendants should be ordered to produce these documents subject to the terms of Plaintiff's proposed protective order.

2.    Defendants are willing to produce a daily shift roster with only the names of officers on sick leave or industrial accident leave redacted. Plaintiff accepts this compromise, which resolves Plaintiff's motion with respect to Document Request 2.

---

[1] Defendants do not address Plaintiff's request that Defendants Verdini and Thomas supplement their answers to Interrogatory 15 to identify each and every fact on which they relied in deciding to strip search Plaintiff. In light of their willingness to provide responsive documents, however, it appears that Defendants have withdrawn any objection to providing a supplemental response to Interrogatory 15. Plaintiff still seeks an order compelling a supplemental response to this interrogatory from Defendants Verdini and Thomas.

3.       Defendants raise CORI and FIPA objections with respect to Document Requests 6

and 8. The objections based on CORI should be disregarded, since any concerns in this regard are

resolved by Plaintiff's motion for access to CORI material. *See* Document #16. Defendants' FIPA

argument relies on a state administrative decision regarding the relationship between FIPA and

public records requests. This is discovery in a federal civil rights lawsuit, not a public records

dispute. In any event, Defendants misapply the statute because any privacy concerns can be

addressed through entry of a protective order. *See, e.g., Notice v. DuBois* 187 F.R.D. 19, 23 n.5 (D.

Mass. 1999).

4.       Document Request 9 seeks all documents relating to any altercation involving Mr.

Jackson while he has been incarcerated at Souza-Baranowski Correctional Center. Defendants agree

for the first time in their opposition to produce documents relating to Mr. Jackson's altercation the

day before Plaintiff's visit. Defendants also agree for the first time to produce documents "that

demonstrate that it was appropriate to request approval to strip search Plaintiff." *Defts.' Opp'n* at 11.

Although a step in the right direction, Defendants should not be permitted to produce only those

documents that support their position that "it was appropriate" to strip search Plaintiff. They should

be required to produce all documents responsive to Plaintiff's request.

5.       Though not addressed in this reply, Plaintiff's Interrogatories 1, 3 and 4 regarding

Defendants' background information, as addressed in Plaintiff's initial memorandum [Document

#19], remain in dispute.

RESPECTFULLY SUBMITTED,

For Plaintiff Zenaida Hernandez
By her attorneys,

/s/ Drew Glassroth
Howard Friedman, BBO #180080
David Milton, BBO #668908
Drew Glassroth, BBO #681725
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, 5th Floor
Boston, MA 02114
(617) 742-4100
hfriedman@civil-rights-law.com
dmilton@civil-rights-law.com
dglassroth@civil-rights-law.com

Dated: April 5, 2013

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above
document was served upon the attorney of record
for each party via ECF.

Date: April 5, 2013          /s/ Drew Glassroth
                             Drew Glassroth