UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZENAIDA HERNANDEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARIA E. MONTANEZ, et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 12-11062-FDS |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL

This is a civil rights case involving the unlawful strip search of a prison visitor. Plaintiff alleges she was unlawfully strip searched without legal justification while visiting prisoner Albert Jackson at Souza-Baranowski Correctional Center. Plaintiff seeks an order compelling Defendants to produce all recordings of telephone calls to which Plaintiff was a party, including all calls between Plaintiff and Albert Jackson. These recordings likely contain Plaintiff's statements about the incident at issue in this case and may contain additional conversations in which Plaintiff discussed this lawsuit. Defendants only recently disclosed that they are withholding these recordings. They assert various boilerplate objections to production, including CORI, "privacy concerns," and the Massachusetts Fair Information Practices Act, M.G.L. ch. 66A. Defendants have no legitimate reason to withhold recordings of Plaintiff's conversations about this case and the underlying incident. The Court should order Defendants to produce them.

### BACKGROUND

Plaintiff was strip-searched on September 18, 2011, when she sought to visit Albert Jackson at Souza-Baranowski Correctional Center. Defendants claim that they conducted the strip search based on anonymous information about possible drug smuggling. The parties have engaged in

1

discovery regarding the communications between Plaintiff and Albert Jackson, both before and after the incident.

Plaintiff's first set of document requests, served on December 17, 2012, included multiple requests for relevant audio recordings and witness statements.[1] Two requests are relevant here:

> "3. All photographs, diagrams, videotapes, audiotapes and/or other such documents of any party, witness, or object relating to or depicting any part of the incident. This includes but is not limited to surveillance video, recordings of all radio and telephone calls regarding the incident, and any photographs or other images of the scene of the incident. Please produce any photographs or images in color. Under Rule 34(b)(1)(c), Plaintiff requests that all photographs or images be produced electronically in JPEG format on a disc."
>
> "13. Any documents not provided for in one of the above requests relating to the incident that gave rise to this lawsuit, including but not limited to incident reports, log, notes or notebooks, correspondence, memoranda, electronic (email) messages, medical orders, activity sheets, transcripts, and statements of witnesses, Plaintiff, Defendants, or any other correctional officer."

Defendants did not produce any documents in response to either request.[2] Neither response has changed through supplemental disclosures.

Plaintiff served a second set of document requests on June 19, 2013. This set included a more narrow request focusing on communications between Plaintiff and Albert Jackson:

> "3. All documents, audiotapes, recordings, transcripts, or other records relating to correspondence between Albert Jackson and Plaintiff Zenaida Hernandez while Mr. Jackson was incarcerated at the Souza-Baranowski Correctional Center. This includes telephone calls, written correspondence, and any other documents relating to communications between Albert Jackson and Zenaida Hernandez."[3]

Defendants responded to Plaintiff's document request on July 30, 2013. With respect to the request for recorded phone calls, Defendants stated: "Due to CORI and privacy concerns, the

---

[1] A true and accurate copy of Plaintiff's First Set of Requests for the Production of Documents is attached as Exhibit A.

[2] A true and accurate copy of Defendants' Response to Plaintiff's First Request for Production of Documents is attached as Exhibit B.

[3] A true and accurate copy of Plaintiff's Second Set of Requests for the Production of Documents is attached as Exhibit C.

Department [of Correction] requires either an executed release from [Albert Jackson] or a Court Order before it can release the recorded telephone calls."[4] Defendants did not indicate whether any recorded telephone calls were actually being withheld.

Defense counsel took Plaintiff's deposition on August 20, 2013. Through counsel's questioning, it became apparent that counsel was in possession of recorded telephone calls between Plaintiff and Albert Jackson. The questioning suggested that Plaintiff had discussed both the incident and this lawsuit in these recorded conversations.

On August 23, Plaintiff's counsel contacted defense counsel by email to confer about whether Defendants were in fact withholding these recordings. Defense counsel responded that there were no recordings responsive to Request 3 of Plaintiff's second set of document requests because that request sought calls while Albert Jackson was a prisoner at Souza-Baranowski Correctional Center. Plaintiff's counsel then specifically requested all recordings of Plaintiff's conversations with Albert Jackson, regardless of the prison in which he was incarcerated, because they were responsive to Plaintiff's first set of document requests. On August 26, defense counsel responded that Defendants were in possession of recordings from calls with Plaintiff that occurred after Albert Jackson had been transferred out of Souza-Baranowski Correctional Center. Defense counsel stated that she would not produce these recordings because, in Defendants' view, these recordings were not responsive to Plaintiff's first set of document requests and, even if they were, they could not be produced because they constitute "personal data" under the Massachusetts Fair Information Practices Act, M.G.L. ch. 66A.

The parties have been unable to reach an agreement about producing these recordings. Pursuant to Local Rule 37.1(b), Plaintiff now seeks an order from this Court compelling Defendants

---

[4] A true and accurate copy of Defendants' Response to Plaintiff's Second Set of Requests for the Production of Documents is attached as Exhibit D.

3

to produce all recorded telephone calls to which Plaintiff was a party, including all recorded calls between Plaintiff and Albert Jackson.

## DISCUSSION

### I.     The Recordings Are Responsive to Plaintiff's Requests.

Defendants should have disclosed the existence of these recordings long before Plaintiff's deposition. They are responsive to multiple discovery requests, including Plaintiff's initial requests propounded nearly nine months ago. Request 3 sought "audiotapes" of "any party," and specifically requested "recordings of all radio and telephone calls regarding the incident." Request 13 sought "statements of witnesses, Plaintiff, Defendants, or any other correctional officer." Plaintiff's second set of document requests specifically sought recorded telephone calls between Plaintiff and Albert Jackson.

The recordings are unquestionably relevant. They contain Plaintiff's statements about this lawsuit, and likely about the incident itself. Based on defense counsel's questioning at Plaintiff's deposition, Defendants intend to use these statements as impeachment evidence at trial. At a minimum, these statements "bear upon [Plaintiff's] veracity and hence, are relevant." *Walters v. Breaux*, 200 F.R.D. 271, 273 (W.D. La. 2001). They are well within the broad scope of discovery under Fed. R. Civ. P. 26(b)(1). *See Cabana v. Forcier*, 200 F.R.D. 9, 17 (D. Mass. 2001) ("[T]he scope of discovery under the Federal Rules is very broad.").

Defendants concealed the existence of these recordings through a crabbed reading of Plaintiff's document requests. They contend that these recordings are not responsive to the literal text of any document request, and thus they had no obligation to disclose them. Discovery is not meant to be a game. "Although a party is required to respond only to the requests and questions actually propounded during discovery, they should not be read hypertechnically; rather, a party should attempt to comply with discovery demands in good faith." *Werbungs Und Commercz Union v.*

4

*Collectors' Guild, Ltd.*, 728 F. Supp. 975, 982 (S.D.N.Y. 1989), *rev'd in part on other grounds*, 930 F.2d 1021 (2d Cir. 1991).

Plaintiff's recorded statements were the subject of Plaintiff's discovery requests. Defendants should not have withheld them. Defendants should have either produced the recordings or disclosed that they were withholding them so this issue could have been addressed in the early stages of discovery. The Court should order Defendants to produce these recordings.

**II.     Defendants' Objections Are Without Merit.**

The Court should disregard Defendants' boilerplate objections. In response to Request 3 of Plaintiff's second set of document requests, Defendants asserted that they could not produce recorded phone calls because of "CORI and privacy concerns." Recorded telephone calls are not CORI.[5] Even if they were CORI, this Court has already entered an order permitting Defendants to disclose CORI for purposes of this litigation. *See* Docket #31. Thus, there is no basis for asserting this objection. Nor can Defendants legitimately claim a privacy interest in Plaintiff's telephone conversations. *Cf. United States v. Correa*, 220 F. Supp. 2d 61, 63 n.2 (D. Mass. 2002) (there is no reasonable expectation of privacy in recorded prison telephone calls). The Court should reject this argument out of hand.

Defense counsel has also asserted that Defendants cannot produce these recordings because they constitute "personal data" under the Massachusetts Fair Information Practices Act ("FIPA"), M.G.L. ch. 66A. The statute does not apply here. A telephone conversation is not "personal data" of any kind.[6] This is a boilerplate objection that is routinely overruled in civil rights cases. *See, e.g., Notice*

---

[5] Criminal Offender Record Information, or CORI, is governed by M.G.L. ch. 6, §§ 167, *et seq.* By its terms, the statute prohibits disclosure of certain records that "relate to the nature or disposition of a criminal charge . . . incarceration, rehabilitation, or release." *Id.* The fact of Albert Jackson's conviction, sentence, and continued imprisonment are matters of public record and thus are not CORI under the statute.

[6] Nor would any reasonable person have a legitimate expectation of privacy in a phone

*v. DuBois*, 187 F.R.D. 19, 23 & n.5 (D. Mass. 1999); *Shea v. McGovern*, 08-12148-MLW, 2011 WL 322652, at *1 (D. Mass. Jan. 31, 2011).  It should be overruled here as well.

## CONCLUSION

Defendants have no legitimate reason to withhold Plaintiff's recorded statements. For the foregoing reasons, the Court should grant Plaintiff's motion to compel production of all recorded telephone calls to which Plaintiff was a party, including all calls between Plaintiff and Albert Jackson, and order that Defendants produce these recordings within seven says of the Court's order.

RESPECTFULLY SUBMITTED,

For Plaintiff Zenaida Hernandez,
By her attorneys,

/s/ Drew Glassroth
Howard Friedman, BBO #180080
Drew Glassroth, BBO #681725
**Law Offices of Howard Friedman, P.C.**
90 Canal Street, Fifth Floor
Boston, MA 02114
hfriedman@civil-rights-law.com
dglassroth@civil-rights-law.com

Dated: August 26, 2013

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: August 26, 2013     /s/ Drew Glassroth
                          Drew Glassroth

---

conversation with a prisoner, recorded by a state prison. *See Correa*, 220 F. Supp. 2d at 63 n.2. This alone disposes of any FIPA argument. *See Torres v. Attorney General*, 391 Mass. 1, 9 (1984) ("expectations of the data subject are relevant in determining whether disclosure of information might be an invasion of privacy" subject to FIPA protections).