UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ZENAIDA HERNANDEZ,                               No. 12-cv-11062-FDS
    Plaintiff,

v.

MARIA E. MONTANEZ, MARK A. VERDINI,
JONATHAN W. THOMAS, CARLOS M. GODEN, JR.,
AND JACQUELINE BALUTIS,
    Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF TELEPHONE CALLS

Plaintiff is seeking an order to compel all recordings of telephone calls to which plaintiff was a party, including all recorded calls between plaintiff and Inmate A.[1] The Department Defendants respond as follows:

### I.    The Department Complied With Plaintiff's Discovery Requests

In plaintiff's first request for production of documents, plaintiff sought, inter alia, any "telephone calls regarding this incident" (Request No. 3) and statements of plaintiff "relating to the incident that gave rise to this lawsuit" (Request No. 13.).  In both cases, the Department Defendants responded that there are none.  In plaintiff's second request for production of documents, plaintiff sought, inter alia, any telephone calls between plaintiff and Inmate A while Inmate A was at SBCC (Request No. 3.).  The Department Defendants responded that due to CORI[2] and privacy concerns, the Department requires either an executed release from Inmate A or a court order before it can release the recorded telephone calls.

---

[1]    Inmate A is the inmate who plaintiff went to SBCC to visit on the date of the incident giving rise to her complaint.

Plaintiff's counsel subsequently inquired as to whether, <u>inter alia</u>, any telephone recordings were being withheld that had not been identified.  When Department counsel inquired as to exactly what plaintiff's counsel was looking for, plaintiff's counsel responded that he was looking for all telephone calls between his client and Inmate A, whether Inmate A was at SBCC or another facility.

Department counsel responded that telephone calls between plaintiff and Inmate A after Inmate A left SBCC do exist; however, telephone recordings are "personal data" as defined by G.L. c. 66A, § 1, both with respect to plaintiff and with respect to Inmate A.  Consequently, in accordance with G.L. c. 66A § 2, the Department would need either a release from Inmate A or a court order in order to provide plaintiff's counsel with Inmate A's telephone recordings.  Department counsel further stated that if plaintiff's counsel wishes to go the route of a court order, § 2(k) requires that the "data subject" be provided notification in reasonable time to have the process quashed.  Rather than obtain the proper releases or request a court order and give notice to Inmate A, plaintiff's response was to file a motion to compel.

## II. It Is The Department's Policy To Release Inmate Telephone Calls Only With A Court-Issued Summons or Court Order Or With Written Consent Of Both Parties

Following the decision in <u>Commonwealth v. Odgren</u>, 455 Mass. 171 (2009),  it is the Department's policy to release inmate telephone calls only with a court-issued summons or a court order or with written consent of the parties who are the subject of the telephone calls.[3]

---

[2]     Plaintiff is correct that CORI does not apply here.
[3]     The only exception to this requirement is a request for inmate telephone calls pursuant to a grand jury subpoena.

In <u>Odgren</u>, the Commonwealth issued subpoena duces tecum to obtain the jail recordings of the defendant's telephone calls, and the defendant moved to suppress on grounds that the subpoenas were improperly issued. The motion to suppress was allowed, and the Commonwealth appealed. 455 Mass. at 172-76.

The Massachusetts Supreme Judicial Court ("SJC") addressed the issue of whether the Commonwealth, in a criminal case, may seek the production of third party records in advance of trial or an evidentiary hearing by issuing a subpoena duces tecum directly to the party under G.L. c. 277, § 68, or whether it must first obtain judicial approval pursuant to Mass. R. Crim. P. 17(a)(2), as construed by <u>Commonwealth v. Lampron</u>, 441 Mass. 265, 268-71 (2004).

In <u>Odgren</u>, the Commonwealth argued, <u>inter alia</u>, that the defendant lacks standing to challenge the issuance of the subpoenas because the subpoenas concern telephone records of a third party, the facility, and because, in any event, the defendant had no reasonable expectation of privacy in his telephone calls. The SJC disagreed.

> Although the recordings are, in a proprietary sense, those of the facility rather than the defendant, the defendant has a direct interest in them because they consist of his own conversations with family and friends.

<u>Id.</u> at 176. Later in its decision, the SJC went on to state:

> The procedures required by rule 17 seem especially appropriate in a case like this one, where the information sought—recordings of the defendant's telephone conversations—are at least arguably confidential in some sense, whether entitled to constitutional protection or not.

<u>Id.</u> at 186.

The SJC held that "the Commonwealth was required to comply with rule 17 and to obtain prior judicial approval in seeking the defendant's telephone records from the jail." 455 Mass. at 176. Thus, the Commonwealth must file a Rule 17 motion, and, by

way of affidavit, meet the Lampron requirements showing relevance, admissibility, necessity, and specificity before the court will issue a summons for the third party records. Id. at 174. While the SJC agreed with the motion judge that the subpoenas issued improperly, the SJC did not agree that the circumstances warranted suppression, as the motion judged made no rulings on whether the Commonwealth's obtaining the recordings violated any constitutional right of the defendant's for which evidentiary exclusion of the recordings might be appropriate. Id. at 188. See United States v. Correa, 220 F. Supp.2d 61, 67 (Dist. Mass.2002) (determining that sharing criminal defendant's telephone recordings with other law enforcement prior to issuance of a subpoena, even though in contravention of the institution's own rules, did not prevent its use as evidence, because it is permissible under the consent exception to Title III. 18 USC § 2511(2)(c).).

Consequently, following the decision in Odgren, in criminal cases, the Department requires that inmate telephone recordings be provided to the Commonwealth or defense counsel only pursuant to a Rule 17 court-issued summons or a grand jury subpoena. As part of the Rule 17 procedure, regardless of whether the Commonwealth or defense counsel is seeking the third party records, the Commonwealth is required to provide notice to all involved parties, including both the third party record holder/s and the subject/s of the records, so that these parties may appear and oppose the Rule 17 motion if they are so inclined. Any third party records ordered by the court are held at the criminal clerk's office and may be viewed by the party or parties pursuant to a protective order. See Massachusetts Guide to Evidence, § 1108 (2013); Mass. R. Crim. P. 17.

Similarly, when inmate telephone recordings are sought in civil cases, *regardless of whether the Department is a party to the civil action*, the Department requires that written permission be obtained from the subject/s before it will disseminate the recordings. Thus, in this case, both plaintiff and Inmate A must consent to dissemination of the telephone recordings before they will be provided to plaintiff's counsel pursuant to a protective order. In the alternative, the Department requires a court order before it will disseminate the inmate telephone recordings, also pursuant to a protective order.

Further, the subjects of the telephone recordings in a civil matter should be given an opportunity to be heard. To require any less in a civil matter than is required in a criminal matter is a perversion of the privacy rights of the subject/s, one of whom in the instant matter *is not even a party to the case*.

### III.     Plaintiff's Request For All Telephone Calls To Which Plaintiff Was A Party

Plaintiff's is now requesting *for the first time by way of the motion to compel*, all telephone calls made to plaintiff from <u>any</u> inmate at any institution. Other than the telephone calls made from Inmate A to plaintiff while he was at MCI-Shirley, the Department does not know, at this juncture, whether any other such telephone calls exist. To the extent that plaintiff is seeking any telephone calls in which she was the recipient of a three-way call, the Department would have no way of locating such calls, unless plaintiff provides the name and number/s by which said telephone calls were made.[4]

---

[4] Three-way calls are prohibited by the Department.

However, again, with regard to this new request, the Department requires written consent from the subject/s or a court order before it will provide any such telephone calls.

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

DATED:  September 5, 2013

/s/ C. Raye Poole
C. Raye Poole
B.B.O. # 632719
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110
(617) 727-3300 ext. 147
CRPoole@doc.state.ma.us

**Certificate of Service**

I, C. Raye Poole, counsel for Defendants, hereby certify that on this 5th day of September 2013, a true copy of the above was served by way of the ECF system on plaintiff's attorney, Drew Glassroth.

**/s/ C. Raye Poole**

C. Raye Poole