UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ZENAIDA HERNANDEZ, </br></br>Plaintiff, </br></br>v. </br></br>MARIA E. MONTANEZ, et al., </br></br>Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> ) Civil Action No. 12-11062-FDS </br> ) </br> ) </br> ) </br> ) </br> ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE**
**TO PLAINTIFF'S MOTION TO COMPEL**

Plaintiff submits three points in reply:

1.    Defendants assert that Department of Correction policy precludes them from producing recorded telephone calls in response to Plaintiff's discovery requests without a court order. *See Defts.' Resp.* (Dkt. #58) at 1. An order from this Court compelling production of the recordings resolves this objection.

2.    To support their position that DOC policy provides a basis for withholding discovery, Defendants rely on state rules of criminal procedure. They suggest that the same rules should apply here. Discovery in this case is governed by federal law and the Federal Rules of Civil Procedure not Massachusetts Rules of Criminal Procedure. *See Williams v. City of Boston,* 213 F.R.D. 99, 100 (D. Mass. 2003); *King v. Conde*, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) ("[S]tate law does not govern discoverability and confidentiality in federal civil rights actions."). Administrative policies and state rules of criminal procedure do not apply here, much less control the scope of discovery.[1]

---

[1] Defendants also rely on a state rule of criminal procedure to assert that, if produced, the recordings of Plaintiff's phone calls will be subject to the protective order. The recordings at issue are not confidential and Defendants have no basis for asserting a confidentiality interest in Plaintiff's conversations. The protective order is in place to protect truly confidential information it should not prevent plaintiff from discussing a conversation she participated in before litigation began.

*See Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (state discovery rules "should not be permitted to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983"). Defendants have no basis for withholding the recordings of Plaintiff's phone calls and should be ordered to produce them.

3. As an alternative justification for withholding discovery, Defendants contend that M.G.L. ch. 66A, § 1 ("FIPA"), applies to recorded telephone calls. They cite no authority for this proposition. Defendants' view of FIPA is inconsistent with the plain language of the statute and common sense—a telephone conversation is not "personal data." Courts routinely reject FIPA arguments in civil rights cases, including cases involving the Department of Correction. *See, e.g.*, *Notice v. DuBois*, 187 F.R.D. 19, 23 & n.5 (D. Mass. 1999); *Shea v. McGovern*, 08-12148-MLW, 2011 WL 322652, at *1 (D. Mass. Jan 31, 2011). The Court should reject this argument and order Defendants to produce all recordings of Plaintiff's phone calls.

> RESPECTFULLY SUBMITTED,
>
> For Plaintiff Zenaida Hernandez,
> By her attorneys,
>
> /s/ Drew Glassroth
> Howard Friedman, BBO #180080
> Drew Glassroth, BBO #681725
> **Law Offices of Howard Friedman, P.C.**
> 90 Canal Street, Fifth Floor
> Boston, MA 02114
> hfriedman@civil-rights-law.com
> dglassroth@civil-rights-law.com
>
> Dated: September 9, 2013

**CERTIFICATE OF SERVICE**

I certify that on this day a true copy of the above document was served upon the attorney of record for each party via ECF.

Date: September 9, 2013     /s/ Drew Glassroth
                            Drew Glassroth